IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSY L. RADCLIFF, | Civil Action No. 10 - 554 |
| Plaintiff, | |
| v. | District Judge Arthur J. Schwab |
| | Magistrate Judge Lisa Pupo Lenihan |
| BRIAN MILLER, (Fayette Co. Prison); JUDGE LESKINEN, (Fayette Co. Courts) and JEFFREY A. BEARD, PHD. (Secretary of Corrections), | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that this action be dismissed for failure to prosecute and that Defendant's Motion to Dismiss (ECF No. 13) be denied as moot.

**II.  REPORT**

Plaintiff, a pro se inmate confined at the State Correctional Institution at Laural Highlands, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 alleging violations of his rights with respect to his placement in a state correctional institution when he was serving a "county" sentence. On July 29, 2010, Defendant Beard filed a Motion to Dismiss (ECF No. 13) along with a Brief in support (ECF No. 14). On July 30, 2010, this Court issued an Order directing Plaintiff to file a response and brief in opposition to Defendant's Motion to Dismiss no later than September 10, 2010. The Order further informed Plaintiff that his failure to respond might result in dismissal of this case for failure to prosecute. To date, Plaintiff has failed to respond to this order. Nor has he filed any request for an extension within which to respond.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*, at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter pro se. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendant Beard has prepared a motion to dismiss. Accordingly, Defendant Beard has suffered some prejudice.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's Order. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's Complaint fails to provide a sufficient basis for liability against Defendants under 42 U.S.C. § 1983. Thus, this factor weighs in favor of dismissal.

All of the six Poulis factors weigh heavily in favor of dismissal.

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute and that Defendant's Motion to Dismiss (ECF No. 13) be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: September 23, 2010

cc: Jessy L. Radcliff
JJ 4534
SCI Laurel Highlands
5706 Glades Pike
PO Box 631
Somerset, PA 15501